# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL PEKOL<br>1517 Finley Circle<br>Pottstown, Pennsylvania 19464<br><br>*Plaintiff,*<br>v.<br><br>CSL BEHRING<br>1020 1st Avenue<br>King of Prussia, PA 19406<br><br>*Defendant.* | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through the undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff, Daniel Pekol (hereinafter "Plaintiff") has initiated the instant action to recover damages for gender and/or age discrimination by Defendant CSL Behring ("Defendant"), his former employer.

### II. Parties

2. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

3. Plaintiff is an adult individual with an address as captioned above.

4. Defendant is a corporation with a business address as captioned above.

5. Defendant is an "employer" as that term is utilized in the Title VII of the Civil Rights Act of 1964 because it employs or employed in excess of fifteen (15) individuals in the current or preceding calendar year.

6. Defendant is also an "employer" as that term is utilized in Age Discrimination in Employment Act (ADEA) because it employs or employed in excess of twenty (20) individuals in the current or preceding calendar year.

7. At all times relevant hereto, Defendant employed Plaintiff and acted through its agents, servants and employees, each of whom was in the course and scope of their employment.

### III.     Jurisdiction and Venue

8. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

9. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with the Commonwealth of Pennsylvania and the Eastern District of Pennsylvania are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11. The Court may also maintain supplemental jurisdiction over any state law claims set forth herein or later added pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because: (a) Defendant resides in and/or conduct business in this judicial district; and/or (b) because the acts and omissions giving rise to the claims set forth herein (including specifically the discrimination carried out by Defendant against Plaintiff) occurred exclusively in this judicial district.

### IV.     Exhaustion of Administrative Remedies

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff has exhausted his administrative remedies under Title VII and the ADEA as follows:

    a. Plaintiff filed a timely written Charge of Discrimination (No. 530-2021-02437) on March 11th, 2021 with the Philadelphia Office of the Equal Employment Opportunity Commission (EEOC) alleging gender and age discrimination;

    b. The EEOC issued a Notice of Right to Sue to Plaintiff on the foregoing charge on September 10th, 2021 .

    c. The instant action is filed within ninety (90) days of the issuance of the foregoing Notice.

### V.     Factual Background

15. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

16. Plaintiff's date of birth is 8-4-1977.

17. Plaintiff is male.

18. Plaintiff is currently 44 years of age.

19. Plaintiff worked for Defendant for a period of thirteen (13) years and maintained an excellent performance record during that time.

20. Plaintiff's last position was Associate Director, BT Security Response.

21. Plaintiff last earned $184,000.00 *per annum* in his employment with Defendant.

22. Plaintiff was suspended by Defendant without basis on July 24th, 2020.

23. Plaintiff was 43 years of age at the time Defendant suspended him.

24. Defendant terminated Plaintiff's employment on August 6th, 2020.

25. No legitimate performance-based or other reason was asserted for Plaintiff's termination.

26. Plaintiff was 44 years of age at the time Defendant suspended him.

27. Plaintiff was suspended and terminated from his employment due to his gender (male) and age.

28. After Plaintiff's termination, Plaintiff's manager, Edward Ferrara (male), who had advised Plaintiff of Defendant's decision to terminate him, contacted Plaintiff, apologized for Plaintiff's "horrible" termination, and admitted that Plaintiff's employment should not have been terminated.

29. Ferrara also advised Plaintiff that he was also forced to leave Defendant's employ by female management after Plaintiff's termination.

30. Ferrara's statements to Plaintiff constitute direct evidence of unlawful discrimination against Plaintiff by Defendant and its agents, as well as a pattern and practice of such discrimination.

### Count One
### Title VII of the Civil Rights Act of 1964
### Gender Discrimination

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. By its actions as aforesaid, Defendant violated Title VII of the Civil Rights Act of 1964 in that it terminated Plaintiff's employment because of his gender (male).

WHEREFORE, Plaintiff seeks the relief requested in the attached *ad damnum* clause.

### Count Two
### Age Discrimination in Employment Act (ADEA)
### Age Discrimination and Retaliation

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was over 40 years of age at the time of his termination and therefore within the class of persons protected by the Age Discrimination in Employment Act (ADEA).

35. By its actions as aforesaid, Defendant violated the Age Discrimination in Employment Act (ADEA) in that it terminated Plaintiff's employment because of his age.

WHEREFORE, Plaintiff seeks the relief requested in the attached *ad damnum* clause.

*AD DAMNUM CLAUSE*

WHEREFORE, Plaintiff respectfully requests that the Court grant her the following relief:

A. That judgment be entered in Plaintiff's favor and against Defendant on the claims set forth in the instant Complaint;

B. That Plaintiff be awarded actual damages, including front pay and back pay;

C. That Plaintiff be awarded punitive damages on Count One;

D. That Plaintiff be awarded liquidated damages on Count Two;

E. That Plaintiff be awarded damages for pain and suffering;

F. That Plaintiff is to be accorded any and all other legal, equitable or injunctive relief the Court deems just and proper;

G. That Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees and costs as provided by applicable law;

H. That Plaintiff's claims receive a trial by jury. Plaintiff has also endorsed this demand on the caption of the instant Complaint in accordance with Federal Rule of Civil Procedure 38(b).

        Respectfully submitted,

        WAYNE A. ELY

BY:   /S/   Wayne A. Ely
        Wayne A. Ely, Esquire
        Attorney for Plaintiff
        225 Lincoln Highway
        Building A, Suite 150
        Fairless Hills, PA 18954
        (215) 801-7979

October 1, 2021